MOORE *v.* TRUE, et al.

In Banc. Nov. 22, 1948.

(37 So. (2d) 494)

Phil Stone and Kermit R. Cofer, for appellant.

Stone & Stone, for appellees.

**Alexander, J.**

Appellees executed a timber deed to Spier and others, dated April 5, 1946. It provided that the grantees "are hereby granted one (1) year from the date of the deed in which to cut and remove said timber, and if at the end of that time they have not been able to cut and remove said timber, they will be granted an additional year or years provided they pay us the sum of $75.00 for each additional year, not to exceed two (2) additional years."

These grantees executed their timber deed to Moore, dated December 3, 1946, containing the identical provisions above quoted, followed by the explanatory phrase "in compliance with deed to the grantors herein from Mrs. Sarah E. True and M. T. True, dated April 5, 1946 . . .".

There is no evidence that the original grantors ever attempted to cut any of the timber. Moore began cutting under his deed in January or February of the year 1947. An April 7, 1947, the Trues gave notice to Moore to cease all operations, on the ground that his privilege had expired April 5, 1947. Thereupon, Moore offered the Trues $75 for a purported extension. It was refused. Moore filed bill for injunction against the Trues to prevent cancellation of the cutting privileges. The defendants answered and filed their cross-bill praying for dismissal of the original bill, and for damages on account of injury to the lands, and solicitors' fees. The chancellor sustained the cross-bill, dismissed the injunction, and awarded decree against Moore for $500, represented by timber removed after notice to vacate. Solicitors' fees were denied the cross-complainant since the injunction was heard along with the merits. Moore appeals.

We concur with all these findings. It was not error for the court to exclude the testimony of Moore touching upon his reasons for not "being able" to cut all the timber prior to April 5, 1947. ██ ██ There is ample testimony that the entire tract could have been readily cut by Spier and his associates long prior to the assignment or transfer of their rights to Moore. The latter took no more by his deed than his grantor, Spier, had, and in responsibility took as much. Moore was chargeable with the ability and failure of Spier to cut the timber, and was not privileged to measure his rights by his own asserted inability to remove same during the limited period in which he chose to operate.

There is not here involved an automatic extension of time. Nor is the right thereto to be based solely upon the issue of the validity of 'his tender of a $75 payment. We do not decide whether the tender was timely. We must, however, give some effect to the words "if they have not been able to cut and remove said timber." The right to an extension, even for the consideration to be paid, was conditioned upon the ability of the grantee True and his associates, and the subsequent grantee, Moore, to cut the timber within the year. Even though we should accept appellant's assumption that the quoted phrase implied only feasibility, the record does not show that the cutting was not feasible. Appellant may have imposed upon himself an impracticable burden. If he was thwarted by physical inability to complete the cutting he undertook this task in the face of a deed which defined even feasibility or reasonable practicality in terms of the period beginning April 5, 1946.

Affirmed.